UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN A. FINLEY,

    Petitioner,

       v.                                Civil No. 16-cv-706-JPG

UNITED STATES OF AMERICA,               Criminal No. 05-cr-40087-JPG-001

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Shawn A. Finley's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).

### I.    Background

On May 15, 2006, the petitioner pled guilty to one count of conspiracy to manufacture, distribute and possess 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A) and 846, three counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C), and one count of possession of materials having cause to believe they would be used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6).   On July 31, 2006, District Judge James L. Foreman accepted Finley's guilty plea.

At the petitioner's sentencing on August 28, 2006, the Court found that the petitioner was a career offender based on two prior convictions for controlled substances offenses.   *See* U.S.S.G. § 4B1.1; Presentence Investigation Report ¶ 54, 63 & 66.   Because the career offender guideline yielded a higher offense level than the relevant conduct guideline, the Court used the career offender offense level to calculate the petitioner's sentencing range.   The Court sentenced the petitioner to serve 262 months in prison for the conspiracy and distribution counts and 240 months in prison on the possession of materials count, all to run concurrently.   The petitioner did not

appeal his sentence.   Finley's case has since been reassigned to the undersigned judge.

Finley placed this § 2255 motion into the prison mail system on June 23, 2016.   In his motion, Finley argues that the rationale underlying *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates his career offender status and requires vacating his sentence.

## II.      Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."   28 U.S.C. § 2255.   However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations."   *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).   "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice."   *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).   It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."   28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief in this case.

This § 2255 motion relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which addressed the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).   The ACCA raises the statutory minimum for certain gun crimes to 15 years for those who have three prior convictions for a violent felony or a serious drug offense.   18 U.S.C. § 924(e)(1).   *Johnson* held that one

clause – the "residual clause" – in the ACCA's definition of "violent felony" was

unconstitutionally vague.[1]   *Id.* at 2557.   The Supreme Court has held that *Johnson* is retroactive

to cases on collateral review because it announced a new substantive rule of constitutional law.

*Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).   Following *Johnson*, § 2255 petitioners

sentenced under the ACCA based on predicate crimes that were determined to be "violent

felonies" under the residual clause are eligible for relief in the form of a new sentence without

application of the ACCA's higher statutory minimum.   *See, e.g., Rutledge v. United States*, No.

1:16-cv-00271-LJM-DKL, 2016 WL 3254604, at *1 (S.D. Ind. June 14, 2016).

     *Johnson* has also spawned a number of cases arguing that a similar residual clause in the

career offender provisions of the United States Sentencing Guidelines Manual is also

unconstitutionally vague.   Under the guidelines, a defendant will be subject to enhanced career

offender guideline ranges if:

> (1) the defendant was at least eighteen years old at the time the defendant
> committed the instant offense of conviction; (2) the instant offense of conviction is
> a felony that is either a crime of violence or a controlled substance offense; and (3)
> *the defendant has at least two prior felony convictions of either a crime of violence
> or a controlled substance offense*.

U.S.S.G. § 4B1.1(a) (2005) (emphasis added).   In turn, the guidelines define a crime of violence

as:

---

[1] The ACCA defines a "violent felony" like this:
> [T]he term "violent felony" means any crime punishable by imprisonment for a
> term exceeding one year . . . that—
>> (i)   has as an element the use, attempted use, or threatened use of physical
>> force against the person of another; or
>> (ii)   is burglary, arson, or extortion, involves use of explosives, or
>> *otherwise involves conduct that presents a serious potential risk of physical
>> injury to another*.

18 U.S.C. § 924(e)(2)(B) (residual clause in italics).

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (2005) (emphasis added).   The italicized portion above is also known as the career offender residual clause.

The law is not clear whether *Johnson*'s rationale would apply to invalidate the career offender residual clause.   However, for Finley, it would not matter even if it did apply because he was not determined to be a career offender based on past crimes of violence but instead on his past controlled substance offenses.   *Johnson* only impacted the definitions of predicate convictions for violent felonies or crime of violence, not for controlled substance offenses.   *See Russell v. United States*, No. 16-1131, 2016 WL 3030218, at \*2 (C.D. Ill. May 26, 2016) (even if *Johnson* rationale invalidated career offender sentencing guideline defining "crime of violence," it has no effect on prior convictions for controlled substances offenses).

Finley offers no additional arguments or facts asserting errors of constitutional or jurisdictional magnitude or fundamental defects which inherently result in a complete miscarriage of justice.   Therefore, Finley is entitled to no relief.

**III.   Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.   A § 2255 petitioner may not proceed on

appeal without a certificate of appealability.   28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska*, 246 F.3d at 1045.   To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."   *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").   The Court finds that Finley has not made such a showing.   Pursuant to Rule 11(a), Finley may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

## IV.  Conclusion

Because it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief in this § 2255 motion, the Court **DENIES** the motion (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.   The Court further **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED: August 16, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**